UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARNELL BATES,

        Plaintiff,

        v.

RACINE POLICE DEPARTMENT, et al,

        Defendants.

Case No. 24-cv-1569-bhl

## SCREENING ORDER

On December 6, 2024, Carnell Bates, proceeding *pro se*, filed a complaint against the Racine Police Department, William Burinda, Monzo Gasper, ET Schoenbeck, Brian Holimoh, Joshua Laforge, Jacob Lofty, and Schmidt Quist, alleging violations of federal law. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Bates reports that he is unemployed and married with two children. (ECF No. 2 at 1.) Though he states that his wife is also unemployed, he submits that her monthly income is $3,500. (*Id.* at 1–2.) Due to a restraining order, he does not currently live with his wife and he pays her $500 per month in child support. (*Id.*) On September 1, 2024, Bates received $20,000 from an insurance settlement. (*Id.* at 2.) He and his wife own two cars, which are together valued at $2,600, and his checking account is apparently overdrawn by $125. (*Id.* at 3.) His monthly expenses, not including child support, total $540 ($300 for household expenses, $100 for travel expenses, $100 for a storage unit, and a $40 credit card payment). (*Id.*)

The contents of Bates's IFP application are confusing. For example, if Bates recently received a $20,000 insurance payment, it is unclear why he is unable to use the proceeds to pay

the filing fee. But Bates has also represented, under penalty of perjury, that he is homeless and unemployed with a negative amount in his bank account. On this record, the Court finds that Bates is sufficiently indigent for a fee waiver.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be sufficient to provide notice to each defendant of what he or she is accused of doing, when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

According to Bates, on June 27, 2021, he and his wife, Annie Bates, called 911 regarding a verbal altercation between the two at Bates's mother-in-law's house. (ECF No. 1 at 2.) He informed the 911 operator that the dispute was not physical and attributed the altercation to Annie's various mental health issues. (*Id.* at 3.) Several police officers arrived on the scene, including Officer William J. Burinda. (*Id.*) The officers took out their firearms and pointed them at Bates and his children. (*Id.*) Bates explained to the officers that he did not physically harm Annie, but the officers proceeded to arrest Bates. (*Id.* at 3–4.) During Bates's arrest, he was handcuffed. (*Id.* at 3.) Bates complains that the handcuffs were excessively tight, resulting in bruising on his wrists. (*Id.*) He reports that the cuffing was in fact so tight that he was hospitalized. (*Id.* at 4.) He complained to the Racine Police Department about the officers' actions, but never heard back from Internal Affairs regarding his complaint. (*Id.* at 3–4.) After Bates's arrest, he was charged with eight felonies. (*Id.* at 4.) He asserts that, in an attempt to secure a conviction, Officer Burinda tried to persuade Annie to lie about the events of June 27, 2021. (*Id.*) Bates purports to seek $1.5 million in damages, the termination of the officers involved, and various policy changes within the Racine Police Department. (*Id.* at 5.)

## ANALYSIS

To state a claim under 42 U.S.C. §1983, Bates must identify a person or persons acting under color of law who violated his federal rights. *Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Bates must still plead facts sufficient to put the Defendants on notice of the claims against them. For the reasons set forth below, Bates's allegations concerning the individual Defendants and the Racine Police Department are insufficient.

Bates's challenge to his arrest implicates the Fourth Amendment's prohibition on unreasonable searches and seizures. U.S. Const. amend. IV. He also claims that the officers' actions were motivated by race, (ECF No. 1 at 4), violating the Equal Protection Clause, U.S. Const. amend. XIV §1. Bates's factual allegations are in many ways deficient. For example, although he lists several individual defendants, he only explains how one, (Officer Burinda), was involved in the June 27, 2021 arrest. And he fails to explain to the Court how any of the events that took place were motivated by his race. But it does not matter, because his claims are clearly

time-barred. Bates complains about an arrest that occurred on June 27, 2021. At that time, the statute of limitations for Section 1983 actions in Wisconsin was three years. *See D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018, the Wisconsin legislature changed the relevant statute of limitations from six years to three years). Thus, to comply with the statute of limitations, Bates was required to file his complaint within three years of the date his claim accrued, or by June 27, 2024. But Bates did not file his complaint until December 6, 2024. (ECF No. 1.) Accordingly, this action is time-barred and must be dismissed.

Bates's attempt to assert a claim against the Racine Police Department also fails. In addition to being untimely, Bates's claim is contrary to the rule that "a police department is not a suable entity under [Section] 1983." *Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009). Moreover, Bates has failed to identify any basis on which he would have a claim against the department. Even if the Court were to construe his claim as one for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and allow him to substitute the City of Racine for the police department, his claim would nevertheless fail because he has not alleged that any violation of his rights occurred as a result of a policy, practice, or procedure within the meaning of *Monell*. *See Helbacs Café, LLC v. City of Madison*, 46 F.4th 525, 530 (7th Cir. 2022). Thus, this claim fails for multiple reasons.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). There is no set of facts that would allow Bates to obtain the relief he seeks, so allowing him to file an amended complaint would be futile. Accordingly,

**IT IS HEREBY ORDERED** that Bates's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Bates's complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin on December 12, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge